UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-431-GWU

SHARON E. ELSEA,                                                       PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.

## INTRODUCTION

Sharon Elsea brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-431  Sharon E. Elsea

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-431  Sharon E. Elsea

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

07-431  Sharon E. Elsea

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Elsea, a 53-year-old former insurance account representative and internet customer service provider with a high school education, suffered from impairments related to a panic disorder.  (Tr. 17, 21).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 19, 21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-431  Sharon E. Elsea

The hypothetical question presented to Vocational Expert Ralph Crystal included a restriction to non-detailed tasks and jobs which do not require many changes in the work setting, with no exertional limitations. (Tr. 876). In response, Crystal identified a significant number of jobs in the national economy which could still be performed. (Tr. 876-877). Therefore, assuming that the vocational factors presented by the ALJ fairly characterized Elsea's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ found that Elsea did not suffer from any physical restrictions. This action would appear appropriate. Dr. Sudideb Mukherjee, a non-examining medical reviewer, opined that while the plaintiff had experienced a number of injuries as a result of her automobile accident, these were not expected to meet the one-year durational requirement and, so, they were less than severe. (Tr. 236). Dr. David Swan, another reviewer, also opined that her physical problems were less than severe. (Tr. 314). Such treating and examining sources of record as the staff at Appalachian Regional Healthcare (Tr. 110-130, 315-525, 534-537), the University of Kentucky Medical Center (Tr. 131-194, 538-802), Dr. Michael Boland (Tr. 195-199), Dr. Paul Kearney (Tr. 200), Dr. John Gilbert (Tr. 201-217, 803-833), Dr. Christa Muckenhausen (Tr. 241-270), the staff at the Primary Care Center (Tr. 289-294), the staff at Hazard Radiology (Tr. 533), and Dr. Ronald Dubin (Tr. 838-845) did not identify the existence of long-term functional limitations which would suggest

the existence of a "severe" physical impairment.  Josh Bakun, a chiropractor, did report the existence of a number of physical limitations which would have restricted the claimant to less than a full range of sedentary level work.  (Tr. 834-837). However, the federal regulations at 20 C.F.R. § 404.1513 provide that chiropractors are not considered an "acceptable medical source" whose opinions are binding on the administration.  <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir. 1997).  The ALJ cited a number of reasons why this opinion was not well supported and, so, it was properly rejected.  (Tr. 21).  Elsea has not raised any issues relating to the ALJ's handling of the evidence relating to her physical condition.  Therefore, the court finds this portion of the administrative decision supported by substantial evidence.

With regard to the evidence relating to Elsea's mental status, Psychologist Paige Powell examined the plaintiff and diagnosed a panic disorder without agoraphobia and sleep disturbance due to pain.  (Tr. 240).  Powell opined that the claimant's mental problems would impose a "moderate" impairment in her ability to tolerate the stress and pressures of day-to-day employment.  (Id.). Psychologists Thompson Prout (Tr. 271-272) and Ilze Sillers (Tr. 295-296), non-examining reviewers, each opined that Elsea would be "moderately" limited in carrying out detailed instructions and responding appropriately to changes in the work setting. The hypothetical question was fully consistent with the opinions of the medical

reviewers and at least arguably compatible with the opinion of Powell since a job not involving detailed tasks or many changes in work routine would be unlikely to be very stressful.

Even if Powell's "moderate" restriction concerning stress and pressures were not adequately covered in the question, any error would appear harmless. The plaintiff was found to suffer from only mental limitations. Social Security Ruling 85-15 provides that when a claimant's only impairment is mental, a finding of disabled status would not be appropriate unless the impairment imposed a "substantial loss" of ability in such areas as understanding, remembering and carrying out simple instructions, responding appropriately to supervision, co-workers or usual work situations, or to dealing with changes in a routine work setting. The "moderate" restriction imposed by Powell would not appear to impose such a limitation. Therefore, the court finds no reversible error.

Elsea argues that the hypothetical question did not fairly characterize her condition because it did not include her diagnoses of anxiety disorder and history of panic attacks. However, the Sixth Circuit Court of Appeals has held that hypothetical questions are not required to contain a list of the claimant's medical conditions. Webb v. Commissioner of Social Security, 368 F.3d 629, 631 (6th Cir. 2004). Therefore, the court must reject this argument.

07-431  Sharon E. Elsea

Elsea also asserts that the ALJ erred by failing to provide "specific" rationale for finding her testimony was not credible.  However, the ALJ noted a number of reasons for this finding.  The ALJ cited Dr. Paul Kearney, a treating source who noted that she was doing "remarkably well" following an automobile accident in December of 2003.  (Tr. 20, 200).  While the plaintiff was reported to have complained that pain was affecting her sleep at the hearing, the record reveals complaints of excessive sleep to Dr. John Gilbert.  (Tr. 20, 806).  The ALJ also relied upon the opinions of the medical reviewers who did not believe that physical problems would meet the durational requirements of the Social Security Act.  (Tr. 20, 814).  Therefore, the ALJ clearly cited a number of specific reasons for his credibility finding and the undersigned finds no error.

The court notes that Elsea submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ.  (Tr. 846-848).  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both material and that good

11

07-431  Sharon E. Elsea

cause existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.  However, Elsea has failed to meet her burden of proof by adducing arguments as to why such a remand would be appropriate in this action.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 5th day of November, 2008.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**